JAMES A. HUTCHINGS v. GEO. A. EDDY AND H. C. CROSS *as Receivers.*

**No. 156.**

REVIVOR—*must be made within the time limited by statute.* Where a case is commenced against the receivers of a railroad company, and afterwards the receivers die, and a receiver *de bonis non* is appointed as their successor, and no attempt is made to substitute or revive the action in the name of the receiver *de bonis non* for more than a year after his appointment, *held*, that a motion to abate the action for the reason that it has not been revived will be sustained.

Error from Neosho District Court. Hon. L. Stillwell, Judge. Opinion filed November 10, 1897. *Dismissed.*

*Getty & Hutchings* and *C. F. Hutchings*, for plaintiff in error.

*T. N. Sedgwick*, for Henry C. Rouse.

SCHOONOVER, J. This action was commenced against George A. Eddy and Harrison C. Cross as receivers of the Missouri, Kansas & Texas Railway Company, in a justice's court, to recover the value of three car-loads of hay, and appealed by the defendants to the District Court of Neosho County, where it was tried to the court, July 20, 1891, and judgment rendered in favor of the defendants. A motion for a new trial was filed and overruled. The plaintiff below brings the case here for review. Henry C. Rouse, receiver *de bonis non* of the Missouri, Kansas & Texas Railway Company, now appears specially and moves the court to dismiss the petition in error and abate the action for the following reasons :

"That George A. Eddy and Harrison C. Cross, receivers of the Missouri, Kansas & Texas Railway

Company, since the filing of the petition in error in this cause, died, one in the State of Colorado, on the fourth day of September, 1894, and the other in the State of Michigan, on the fifth day of September, 1894. Thereafter, and on the tenth day of December, 1894, Hon. Henry C. Caldwell, United States Circuit Judge for the District of Kansas, duly appointed the said Henry C. Rouse, receiver *de bonis non* of the Missouri, Kansas & Texas Railway Company, successor to the said Eddy and Cross, deceased. That more than one year has elapsed since the death of said Eddy and Cross and no suggestion of said death has been made to this court in this case, nor have any steps been taken to revive this action in the name of said Henry C. Rouse, receiver *de bonis non*, and that because thereof this action has abated and the same cannot now be revived in the name of said Henry C. Rouse, receiver *de bonis non*."

The plaintiff also appears and asks this court for an order substituting the Missouri, Kansas & Texas Railway Company for the receivers, defendants in error, and for an order directing that this suit shall proceed as against the Missouri, Kansas & Texas Railway Company, for the following reasons :

"That on the eighth day of June, 1891, said Circuit Court ordered and directed that said receivers should surrender up, and deliver to and transfer to said Missouri, Kansas & Texas Railway Company, on July 1, 1891, all the property which had come into their possession as such receivers, and among other things in said order it was provided as follows :

"'That nothing in this decree contained is intended to affect or shall be construed as affecting the status of any pending or undetermined litigation in which said receivers appear as parties.. Such litigation may continue to determination in the name of the receivers, but for the use of the Missouri, Kansas & Texas Railway Company, and at its cost and expense, and with the right to that Company, should it be so advised, to appear and be substituted in any such litigation.'

"That thereafter, to wit, on July 23, 1891, the receivers filed their report showing that they had complied with the order, and among other things stated as follows:

"'As required by said order and decree of this court and the orders and decrees entered in said ancillary causes, these receivers did, on the first day of July, 1891, deliver all the railroads and properties in their possession as receivers, to the Missouri, Kansas & Texas Railway Company.'

"And that thereafter, on June 17, 1892, the Circuit Court made an order approving the report of the receivers and discharging them."

It further appears that in the month of December, 1894, the Missouri, Kansas & Texas Railway Company appeared in the Circuit Court of the United States for the District of Kansas, and asked for the appointment of a receiver *de bonis non* as successor to George A. Eddy and Harrison C. Cross, former receivers.

On the seventh day of December, 1894, the following order was made:

"The petition of Missouri, Kansas & Texas Railway Company asking the appointment of a receiver *de bonis non* as successor to George A. Eddy and H. C. Cross, former receivers, coming on to be heard, and the court being fully advised in the premises, and it appearing that since the entering of the decree of June 8, 1891, and the order of June 17, 1892, in this cause, the said George A. Eddy and H. C. Cross have departed this life, and that by the terms of the said decree of June 8, 1891, discharging the receivers and ordering the property of the Missouri, Kansas & Texas Railway Company to be turned over to said Company, it was provided as follows:

"'That nothing in this decree contained is intended to affect, or shall be construed as affecting, the status of any pending or undetermined litigation in which said receivers appear as parties. Such litigation may

HUTCHINGS v. EDDY.    ·493

Nov. 10, 1897.    Opinion.    Schoonover, J.    E. Div.

continue to determination in the name of the receivers, but for the use of the Missouri, Kansas & Texas Railway Company, and at its cost and expense, and with the right to that Company, should it be so advised, to appear and be substituted in any such litigation.'

"And it further appearing that there are pending and undetermined suits in the State and Federal courts of the states of Missouri, Kansas and Texas and in the courts of the Indian Territory, and in the Supreme Court of the United States, wherein said Geo. A. Eddy and H. C. Cross, receivers, are parties:

"Wherefore, it is ordered, adjudged and decreed that Henry C. Rouse be and is hereby appointed receiver in this cause, as successor to the receivership of said Geo. A. Eddy and H. C. Cross, with full power and authority to be substituted as a party in all the pending and undetermined suits wherein said receivers are parties, and with the same power to prosecute or defend said suits that existed in said Geo. A. Eddy and H. C. Cross, receivers, by their original order of appointment as modified and limited by the decrees of June 8, 1891, and June 17, 1892, and such litigation may continue to determination in the name of Henry C. Rouse, receiver, but for the use of the Missouri, Kansas & Texas Railway Company, and at its cost and expense, and with the right to that Company, should it be so advised, to appear and be substituted in any such litigation.

"Amos M. Thayer, *Circuit Judge.*"

From the above order it is clear that this court cannot at this time revive the action. A receiver *de bonis non* having been appointed, and no attempt at revivor having been made, the motion to abate must be sustained and the case dismissed.